IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:22-CR-157-SDJ-KPJ |
| JAYSON GLENN COOKE | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 8, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney William Tatum.

On August 22, 2017, United States District Judge Ed Kinkeade sentenced Defendant to a term of sixty-six (66) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 1-3 at 1–3. On October 20, 2021, Defendant completed his original term of imprisonment and began serving his term of supervised release. *See* Dkt. 2 at 1. On April 27, 2023, Defendant's supervised release was revoked, and he was sentenced to a term of five (5) months imprisonment with eighteen (18) months of supervised release to follow. *See* Dkt. 21 at 1. On June 6, 2023, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 23 at 1.

On September 13, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 23), alleging Defendant violated six

1

conditions of his supervised release. *Id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged; (3) Defendant shall not unlawfully possess a controlled substance; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program until discharged; and (6) Defendant shall participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(2) On September 12, 2023, Defendant possessed and used a device, a plastic pouch with a tube attached and wrapped in HotHands to keep it warm, to falsify drug test results in violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. He signed an admission form stating as such. By trying to use this device, he was intentionally refusing to provide a urine specimen of his own and therefore, refusing to participate in the testing for substance abuse.

(3)–(4) On September 12, 2023, Defendant was unable to provide a urine specimen at the Probation Office. This was after it was discovered he was attempting to use a device to falsify the drug test results. He later admitted verbally and in writing that he has possessed and consumed methamphetamine. He also admitted verbally to possessing and consuming marijuana.

(5) Defendant was referred by the Probation Office for a mental health evaluation at Fletcher Counseling in Plano, Texas. He failed to attend his scheduled appointments for the evaluation on July 22, 2023, August 14, 2023, and August 26, 2023. The treatment provider noted after his third missed appointment that they would be unable to offer him any further appointments.

(6) Defendant was referred by the Probation Office for a mental health evaluation at Fletcher Counseling in Plano, Texas. He failed to attend his scheduled appointments for the evaluation on July 22, 2023, August 14, 2023, and August 26, 2023. The treatment provider noted after his third missed appointment that they would be unable to offer him any further appointments.

Additionally, Defendant failed to report for drug testing at NOC Clinical Counseling and Consulting PLLC in McKinney, Texas on July 14, 2023, July 24, 2023, August 2, 2023, August 14, 2023, September 6, 2023, and September 13, 2023, as part of the Probation Office's random drug testing program. With Defendant's permission, his cell phone was inspected on September 12, 2023, during an office visit, and it was determined the phone had the drug testing notification line listed as a blocked number.

On January 8, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 8, 2024. Defendant entered a plea of true to allegations one through six, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 33. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 8, 2024, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, to run concurrently with the recommended sentence in 4:22-cr-189, with no term of supervised release to follow. The Court further recommends Defendant be permitted to serve his sentence in the Collin County Detention Facility to complete his treatment program with Community Medical Services. In the alternative, the Court recommends Defendant be placed at FMC Fort Worth in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 8th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE